Joseph R. Re (Bar No. 134,479)
joe.re@knobbe.com
Paul A. Stewart (Bar No. 153,467)
paul.stewart@knobbe.com
Steven J. Nataupsky (Bar No. 155,913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (Bar No. 156,511)
lynda.zadrasymes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (Bar No. 205,621)
brian.horne@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Facsimile: (310) 551-3458

Carol Pitzel Cruz (Bar No. 223,388)
carol.pitzel.cruz@knobbe.com
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Phone: (206) 405-2000
Facsimile: (206) 405-2001

Attorneys for Defendants/Counterclaimants
MONSTER ENERGY COMPANY and
REIGN BEVERAGE COMPANY, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITAL PHARMACEUTICALS, INC. d/b/a VPX SPORTS, a Florida corporation,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>MONSTER ENERGY COMPANY, a Delaware corporation, and REIGN BEVERAGE COMPANY, LLC, a Delaware limited liability company,<br><br>    Defendants/Counterclaimants. | Civil Action No. 5:20-cv-1127-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIMS** |

Defendants Monster Energy Company ("Monster") and Reign Beverage Company, LLC ("Reign") hereby answer the Complaint of Plaintiff Vital Pharmaceuticals, Inc. d/b/a VPX Sports ("VPX").

## INTRODUCTION

1. Defendants Monster and Reign (collectively "Defendants") deny the allegations of Paragraph 1 of the Complaint.

## THE PARTIES

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants admit the Complaint purports to state claims which seek actual damages, disgorgement of profits, punitive damages, and injunctive relief under both federal and California law. Defendants deny the claims have any merit and deny all remaining allegations of Paragraph 6 of the Complaint.

7. Defendants admit the allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants admit that venue is technically proper in this District, but contend, as set forth in their pending Motion to Transfer, that a change of venue under 28 U.S.C. § 1404 to the Southern District of Florida would serve the interests of justice by thwarting VPX's forum shopping and substantially reducing the burdens on the judicial system.

## FACTUAL BACKGROUND

**A.     Plaintiff and Its Alleged BANG Trade Dress**

10. Defendants lack sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and on that basis deny them.

/ / /

11. Defendants lack sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint and on that basis deny them.

12. Defendants admit that BANG energy drinks are carbonated energy drinks sold in 16-ounce aluminum cans. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 12 of the Complaint, including the allegations of footnote 1, and on that basis deny them.

13. Defendants lack sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint and on that basis deny them.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants admit that Paragraph 15 of the Complaint accurately depicts a can of BANG energy drink. Defendants deny any remaining allegations of Paragraph 15 of the Complaint.

16. Defendants admit that BANG energy drinks are sold in over 20 different flavors. Defendants deny the remaining allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants admit that VPX has promoted its BANG energy drinks on the internet. Defendants deny the remaining allegations of Paragraph 20 of the Complaint.

21. Defendants lack sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint and on that basis deny them.

22. Defendants admit that VPX uses social media "influencers" and "ambassadors" to promote its BANG energy drinks. Defendants deny the remaining allegations of Paragraph 22 of the Complaint.

23. Defendants lack sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint and on that basis deny them.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants lack sufficient information to admit or deny the allegations of Paragraph 25 of the Complaint and on that basis deny them.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants lack sufficient information to admit or deny the allegations of Paragraph 27 of the Complaint and on that basis deny them.

28. Defendants lack sufficient information to admit or deny the allegations of Paragraph 28 of the Complaint and on that basis deny them.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

**B.  Defendants and Their Trade Dress**

31. Defendants admit that Monster is a subsidiary of Monster Beverage Corporation, a publicly traded company. Defendants further admit that Monster launched its flagship Monster Energy® drink back in 2002. Defendants deny the remaining allegations of Paragraph 31 of the Complaint.

32. Defendants admit that Mr. Rodney Sacks has pledged Monster's full support of Reign, and that Mr. Sacks has signed documents on behalf of Reign. Defendants also admit that Reign was formed in 2018. Defendants deny the remaining allegations of Paragraph 32 of the Complaint.

33. Defendants admit that the Complaint refers to Monster and Reign collectively as "Monster."

34. Defendants admit that Monster has developed several different extensions, flavors, and sub-brands under the family of Monster brands, including Lo-Carb, Assault, Absolutely Zero, Monster Rehab, and Juice Monster. Defendants deny the remaining allegations of Paragraph 34 of the Complaint.

35. Defendants admit the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

-3-

37. Defendants admit that they have promoted REIGN energy drinks; that Monster's original Monster Energy® drink contains sugar; that the original REIGN energy drinks have no sugar and no carbs; and that some third-party publications have described REIGN as intended to compete specifically with BANG. Defendants deny the remaining allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants admit that Reign launched REIGN INFERNO in January 2020, and that REIGN INFERNO is available throughout the United States including in this District. Defendants also admit that Paragraph 40 of the Complaint includes an image of three REIGN INFERNO cans – cans which look nothing like VPX's BANG cans. Defendants deny the remaining allegations of Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint. In fact, these allegations and related allegations throughout the Complaint are frivolous, and Defendants reserve all rights to seek appropriate remedies for these frivolous allegations at the appropriate time.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants admit that REIGN INFERNO energy drinks are distributed throughout the United States using Monster's existing distribution network, and that REIGN INFERNO energy drinks are sold through a variety of retail outlets. Defendants deny the remaining allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

/ / /

# FIRST CAUSE OF ACTION

## Federal Trade Dress Infringement and Unfair Competition

### (15 U.S.C. § 1125(a))

45. Defendants incorporate their responses to the allegations of Paragraphs 1-44 of the Complaint as if set forth fully herein.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint. In fact, these allegations and related allegations throughout the Complaint are frivolous, and Defendants reserve all rights to seek appropriate remedies for these frivolous allegations at the appropriate time.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Complaint.

50. Defendants deny the allegations of Paragraph 50 of the Complaint. In fact, these allegations and related allegations throughout the Complaint are frivolous, and Defendants reserve all rights to seek appropriate remedies for these frivolous allegations at the appropriate time.

51. Defendants deny the allegations of Paragraph 51 of the Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Complaint. In fact, these allegations and related allegations throughout the Complaint are frivolous, and Defendants reserve all rights to seek appropriate remedies for these frivolous allegations at the appropriate time.

53. Defendants deny the allegations of Paragraph 53 of the Complaint.

54. Defendants deny the allegations of Paragraph 54 of the Complaint.

# SECOND CAUSE OF ACTION

## California Statutory Unfair Competition

### (Cal. Bus. & Prof. Code § 17200)

55. Defendants incorporate their responses to the allegations of Paragraphs 1-54 of the Complaint as if set forth fully herein.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint. In fact, these allegations and related allegations throughout the Complaint are frivolous, and Defendants reserve all rights to seek appropriate remedies for these frivolous allegations at the appropriate time.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

61. Defendants deny the allegations of Paragraph 61 of the Complaint.

## THIRD CAUSE OF ACTION

### California Common Law Unfair Competition

62. Defendants incorporate their responses to the allegations of Paragraphs 1-61 of the Complaint as if set forth fully herein.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Complaint. In fact, these allegations and related allegations throughout the Complaint are frivolous, and Defendants reserve all rights to seek appropriate remedies for these frivolous allegations at the appropriate time.

65. Defendants deny the allegations of Paragraph 65 of the Complaint. In fact, these allegations and related allegations throughout the Complaint are frivolous, and Defendants reserve all rights to seek appropriate remedies for these frivolous allegations at the appropriate time.

66. Defendants deny the allegations of Paragraph 66 of the Complaint. In fact, these allegations and related allegations throughout the Complaint are frivolous, and Defendants reserve all rights to seek appropriate remedies for these frivolous allegations at the appropriate time.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

///

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that they bear the burden of proof as to any specific defense, Defendants assert the following defenses, and reserve their right to assert additional defenses as may be warranted based on further investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

VPX's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Acquiescence, Waiver, and Estoppel)

VPX's claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, and estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

VPX's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of Trade Dress)

VPX's claimed trade dress is invalid because it lacks inherent distinctiveness, lacks secondary meaning, and is functional.

## COUNTERCLAIM

Monster Energy Company ("Monster") and Reign Beverage Company, LLC ("Reign") hereby counterclaim against Vital Pharmaceuticals, Inc. d/b/a VPX Sports ("VPX") and allege as follows:

### JURISDICTION AND VENUE

1. This is a counterclaim for a declaratory judgment that VPX has no rights in the trade dress VPX has asserted in its Complaint, and that Monster

and Reign have not infringed any trade dress rights that VPX may have.

2. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, as these counterclaims arise under the laws of the United States, and particularly the trademark laws of the United States.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because (1) VPX resides in this Judicial District by virtue of doing business within this District, (2) a substantial portion of the events complained of herein took place in this District, and (3) VPX selected this forum.

## THE PARTIES

4. Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

5. Reign is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 1547 N. Knowles Avenue, Los Angeles, California 90063.

6. VPX is a Florida corporation having its principal place of business at 1600 N. Park. Drive, Weston, Florida 33326.

## FACTUAL BACKGROUND

**Monster and its Monster Energy® Trade Dress**

7. Monster is a nationwide leader in the business of developing, marketing, selling, and distributing beverages. Monster has achieved extensive exposure and widespread recognition of its MONSTER™ brand through its extensive sales and its marketing and promotion of the brand.

8. In 2002, Monster (then named Hansen Beverage Company) released its first "MONSTER" energy drink.

9. The MONSTER brand energy drinks launched in 2002 had: (1) a black background with a contrasting bold, brightly colored design for the rest of the can; (2) a large stylized logo ("M Claw") in the same bold, bright color as the rest of the color on the can, covering the top portion of the primary panel of the can; (3) identification of at least one performance ingredient, such as TAURINE, in all capital letters around the top of the can; (4) the product name ("MONSTER") in stylized font in contrasting white/silver immediately below the logo; and (5) an identifier below the product name further describing the beverage (e.g. "ENERGY" or "ENERGY + JUICE") (the "Monster Trade Dress"). Examples of the MONSTER brand energy drinks from 2002-2007, bearing the Monster Trade Dress, are shown below:



10. As shown above, since 2002, Monster has continuously used a contrasting, bold, bright color for the logo and additional design elements (e.g. flavor name) on a black or predominantly black background.

11. In 2007, Monster launched a line of coffee-based drinks called JAVA MONSTER. Monster has continued to expand this line. Since its launch, Monster's JAVA MONSTER line of beverages has featured: 1) tan cans, 2) with a contrasting logo color, 3) the product name around the rim (the "JAVA MONSTER Trade Dress"). Examples of Monster's JAVA MONSTER line, bearing the JAVA MONSTER Trade Dress, are shown below.



12. From 2002 and certainly long prior to 2012, Monster established strong trade dress rights in the overall appearance of its Monster Energy® and Java Monster® cans.

**VPX Copies Monster's Trade Dress and Claims It as Its Own**

13. VPX launched its BANG energy drink in 2012.

14. When VPX launched its BANG energy drink, the cans of BANG energy drink did not use the purported VPX trade dress as described in the Complaint.

15. For example, when VPX launched its BANG energy drink, the word "BANG" was displayed vertically on the can. VPX's original BANG line is shown below:



-10-

16. As shown above, the original BANG energy drink design copied several elements of the Monster Trade Dress, including a black can, the logo in a bright contrasting color, and performance ingredients around the rim.

17. Because of BANG's disappointing sales and Monster's continued success, VPX redesigned its can to closely mimic the Monster Trade Dress. Stark instances of VPX's copying are illustrated below:

 

18. When VPX launched its BANG line of coffee-flavored products it continued to mimic Monster by copying elements of the JAVA MONSTER Trade Dress, as shown below:

 

19. VPX does not own the purported VPX trade dress as described in the Complaint – it copied its purported trade dress from Monster and many others. Many other companies also use elements listed in VPX's purported

trade dress that are common in the beverage industry. For example, using color on a beverage can to indicate flavor is common in the beverage industry. Examples of competing energy products that use all or some of VPX's alleged trade dress elements are shown below:



20. Moreover, VPX does not even consistently use its alleged trade dress. Pictured below is a more complete collection of VPX's BANG cans than what VPX has shown in its Complaint. Many of VPX's BANG cans are not even black.



21. VPX's products are not presented in the marketplace in such a way as to create a consistent commercial impression based on the purported VPX trade dress as described in the Complaint.

22. VPX cannot meet its burden of establishing that its purported trade dress is either inherently distinctive or has acquired secondary meaning.

-12-

23.     VPX cannot meet its burden of establishing that its purported trade dress is non-functional.

**Monster and Reign's REIGN INFERNO Energy Drinks**

24.     On November 4, 2019, Monster and Reign informed VPX in the parties' action in the United States District Court for the Southern District of Florida that they would be launching a new sub-line of energy drinks under the name REIGN INFERNO.  Monster and Reign even presented VPX with pictures of the then-forthcoming REIGN INFERNO cans, reproduced below:



25.     Monster and Reign launched REIGN INFERNO nationwide in January 2020.

26.     In the present action, VPX contends that these REIGN INFERNO cans infringe VPX's alleged trade dress rights in the following cans of BANG:



-13-

27. VPX's allegation of trade dress infringement is frivolous on its face. The parties' cans look nothing alike. Certainly, VPX cannot meet its burden of proving that there is a likelihood of consumer confusion between the parties' cans. Tellingly, VPX never presents a side-by-side comparison of the cans in dispute in its Complaint.

### FIRST COUNTERCLAIM FOR RELIEF
### (Declaratory Judgment of No Trade Dress Infringement)

28. Monster and Reign repeat, reallege, and incorporate by reference Paragraphs 1-28 of this Counterclaim as if fully set forth herein.

29. This is a claim for a judicial declaration that Monster and Reign's REIGN INFERNO cans do not infringe any trade dress rights that VPX may have in its BANG cans.

30. Pictured below is a comparison of the parties' respective cans as sold in the marketplace:





-14-

31. VPX alleges that consumers are likely to confuse the parties' cans, and to believe that the REIGN INFERNO cans actually are part of the BANG product line, or otherwise are made by or affiliated with VPX.

32. Monster and Reign deny this allegation. Thus, an actual case or controversy exists between the parties as to the issue of trade dress infringement.

33. VPX's allegation of infringement is frivolous on its face. Consumers are not likely to confuse the REIGN INFERNO cans with VPX's BANG cans.

34. Accordingly, this Court should declare that Monster and Reign have not infringed any trade dress rights that VPX may have through the sales of REIGN INFERNO energy drinks.

**SECOND COUNTERCLAIM FOR RELIEF**

**(Declaratory Judgment of No Trade Dress Rights)**

35. Monster and Reign repeat, reallege, and incorporate by reference Paragraphs 1-34 of this Counterclaim as if fully set forth herein.

36. This is a claim for a judicial declaration that VPX possesses no trade dress rights in its asserted trade dress, shown below:



37. VPX alleges that its purported trade dress is inherently distinctive, has acquired secondary meaning, and is not functional. Monster and Reign

-15-

deny these allegations and contend that VPX's purported trade dress is not inherently distinctive, has acquired no secondary meaning, and is functional.

38. Consequently, an actual case or controversy exists between the parties as to the validity of VPX's asserted trade dress rights.

39. VPX has no rights in its asserted trade dress, and this Court should issue a judicial declaration to that effect, clearing the cloud over REIGN INFEERNO that VPX is trying to create.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1. That VPX take nothing on its Complaint, that its Complaint be dismissed with prejudice, and that judgment be entered in favor of Defendants on all claims and counterclaims;

2. That the Court issue a declaration that VPX's alleged trade dress is invalid and is not infringed by Monster or Reign;

3. That this Court declare this to be an exceptional case within the meaning of 15 U.S.C. § 1117 due at least to the frivolous nature of VPX's allegations that the REIGN INFERNO packaging is confusingly similar to VPX's BANG packaging, and that Defendants are somehow deliberately trading upon VPX's goodwill through the sales of REIGN INFERNO energy drinks;

4. That Defendants be awarded their attorneys' fees in this exceptional case;

5. That Defendants be awarded their costs, including any non-taxable costs that may be awarded under 15 U.S.C. § 1117; and

/ / /

6. That Defendants be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 23, 2020

By: */s/ Paul A. Stewart*
    Joseph R. Re
    Paul A. Stewart
    Steven J. Nataupsky
    Lynda J. Zadra-Symes
    Carol Pitzel Cruz
    Brian C. Horne

Attorneys for Defendants/Counterclaimants
MONSTER ENERGY COMPANY and
REIGN BEVERAGE COMPANY, LLC

33198210