UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-61757-SMITH/Valle

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX Sports, a Florida Corporation,

    Plaintiff,

    v.

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Defendants.

_____

**DEFENDANT'S MOTION TO STAY THE CASE PENDING
ENTRY OF JUDGMENT IN A RELATED CASE**

## TABLE OF CONTENTS

**Page No.**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| | A. | Monster And Its Reign Energy Drinks | 1 |
| | B. | VPX And The Related Case Against Reign | 2 |
| | C. | The Present Case Against Reign Inferno | 4 |
| III. | LEGAL FRAMEWORK | | 6 |
| IV. | THE COURT SHOULD STAY THIS CASE PENDING JUDGMENT IN THE PARTIES' RELATED CASE BEFORE JUDGE ALTMAN | | 6 |
| | A. | A Stay Would Dispose Of This Case If Judge Altman Rules For Monster On Any Of The Issues Common To The Cases | 6 |
| | B. | A Stay Pending Entry Of Judgment In The Related Case Would Be Limited In Scope And Would Still Achieve The Goal Of Promoting Judicial Economy | 9 |
| V. | CONCLUSION | | 10 |

## TABLE OF AUTHORITIES

**Page No(s).**

*AmBrit, Inc. v. Kraft, Inc.*,
   812 F.2d 1531 (11th Cir. 1986) ...................................................................................6

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
   575 U.S. 138 (2015) ....................................................................................................9

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
   912 F.3d 445 (8th Cir. 2018) ......................................................................................7

*Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*,
   2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) ...................................................6

*Int'l Order of Job's Daughters v. Lindeburg & Co.*,
   727 F.2d 1087 (Fed. Cir. 1984) ..................................................................................8

*Jaffree v. Wallace*,
   837 F.2d 1461 (11th Cir. 1988) ..................................................................................9

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
   458 F.3d 244 (3d Cir. 2006) .......................................................................................9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ....................................................................................................6

*Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*,
   702 F.3d 1312 (11th Cir. 2012) ..................................................................................7

*Morrissey v. Subaru of Am., Inc.*,
   2015 WL 4512641 (S.D. Fla. July 24, 2015) ..........................................................6, 9

*Mother's Rest., Inc. v. Mama's Pizza, Inc.*,
   723 F.2d 1566 (Fed. Cir. 1983) ..................................................................................9

*Ortega Trujillo v. Conover & Co. Commc'ns*,
   221 F.3d 1262 (11th Cir. 2000) ..............................................................................6, 9

*Sellers on behalf of of 21st Century Holding Co. v. Lawson*,
   2009 WL 10698793 (S.D. Fla. March 30, 2009) .......................................................9

*Stardust, 3007 LLC v. City of Brookhaven*,
   899 F.3d 1164 (11th Cir. 2018) ..................................................................................9

## TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Test Masters Educational Services, Inc. v. Singh*,
    428 F.3d 559 (5th Cir. 2005) ...................................................................................................8

*Vital Pharms. v. Am. Body Building Prods.*,
    510 F. Supp. 2d 1043 (S.D. Fla. 2007) .....................................................................................3

### OTHER AUTHORITIES

15 U.S.C. § 1125......................................................................................................................6

18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*
    § 4433, at 308 (1981 & Supp. 1987)........................................................................................9

# I. INTRODUCTION

Defendants Monster Energy Company and Reign Beverage Company ("Monster") hereby move to stay this trade dress case pending entry of judgment in a related trade dress case that was recently tried before Judge Altman. *See* Case No. 19-60809-CIV-RKA. In the related case, Plaintiff Vital Pharmaceuticals, Inc. ("VPX") accused Monster's REIGN energy drinks of infringing alleged trade dress rights in VPX's BANG energy drinks. In this case, VPX is asserting the same alleged trade dress against Monster's newly released REIGN INFERNO energy drinks. VPX has accurately described Reign Inferno as "an extension of the Reign drink" at issue in the first case.[1] The two cases therefore involve the same parties, the same alleged trade dress and related accused products.

Judge Altman recently held a bench trial in the '809 case and will hear closing arguments on October 16, 2020. This case should be stayed pending entry of judgment in the related case because, if Monster prevails, Judge Altman's findings of fact and conclusions of law will eliminate many issues in this case or even provide the basis for a dispositive motion based on collateral estoppel. Accordingly, Monster respectfully requests that the Court enter a limited order staying this case until entry of judgment in the related case.

# II. FACTUAL BACKGROUND

**A.    Monster And Its Reign Energy Drinks**

In 2002, Monster launched its Monster Energy® drink brand, bearing its now-famous Monster Energy® trademark and "M-Claw icon." '809 Case, ECF 63-3 ¶ 4. Monster's success in the energy drink field is unparalleled. Monster now sells about 2.5 billion cans annually in the United States alone – an estimated retail value of over $6 billion per year. *Id*. ¶ 13. The MONSTER brand has established itself as the best-selling energy drink brand in the United States by unit volume and dollar value. *Id*. ¶ 13.

On January 17, 2019, Monster publicly announced the launch of a new line of energy drinks under the name Reign. *Id.* ¶ 14. To facilitate this launch, Monster formed a wholly owned subsidiary, Defendant Reign Beverage Company, LLC. *Id.* ¶ 16. As shown below, the Reign cans

---

[1] Case No. 19-60809-CIV-RKA (cited henceforth as the "'809 Case"), ECF 355 at 5:6-7.

have many similarities in design to the Monster Energy® cans. They each feature a black background, a contrasting accent color, a large stylized logo in the same color featured horizontally on the front of the can, ingredients in all capital letters around the top rim of the can, and the product brand name in a stylized font appearing horizontally on the bottom front of the can.



Monster began commercial sales of Reign beverages in February 2019 and launched nationwide on March 25, 2019. By April 2020, Monster had sold more than 187 million cans of Reign and had generated over $432 million in retail sales. '809 Case, Trial Ex. P-2499.

B.    **VPX And The Related Case Against Reign**

VPX is best known for its "BANG" energy drinks, a drink that has grown quickly on the back of numerous false claims. For example, VPX has promoted BANG as a cure for "all forms of dementia, including Alzheimer's, Parkinson's, Huntington's, and other forms of dementia." '809 Case, ECF 63-2 ¶ 65. After Monster filed a false-advertising and intentional-interference lawsuit against VPX in California, VPX CEO Jack Owoc began an "unrelenting legal counter attack against Monster." '809 Case, Trial Tr. at 1305 (Owoc testimony). Specifically, VPX filed a trademark and trade dress lawsuit against Monster on March 28, 2019, three days after the nationwide launch of Reign. '809 Case, ECF 1. Referring to Monster CEO Rodney Sacks, Mr. Owoc later testified: "I even told my lawyers that I don't care if you have to spend a hundred million dollars to take him down, take him down. His reign is over." '809 Case, Trial Tr. at 1305.

VPX's retaliation is consistent with its history of pursuing meritless trademark and trade dress litigation to suppress competition. Most notably, in *Vital Pharms. v. Am. Body Building Prods.*, 510 F. Supp. 2d 1043, 1045, 1048 (S.D. Fla. 2007), Judge Middlebrooks admonished VPX for bringing a trade dress infringement claim in "bad faith," with an "improper motivation," and a "lack of legal merit." There, VPX claimed trade dress rights in "a standard, 8 ounce, stock aluminum bottle" that had been used throughout the industry before VPX ever adopted it. *Id.* at 1050. The Court found that VPX was seeking "absurdly anticompetitive results," *id.* at 1051, and that the case was "a thinly-veiled effort to stifle legitimate competition, competition that is legal under the law." *Id.* at 1052.

VPX's trademark and trade dress lawsuit against the original Reign energy drinks is also baseless. The Court dismissed VPX's trademark claim on summary judgment, ruling that Monster is the owner of the REIGN trademark for energy drinks. '809 Case, ECF 344 at 29-45. VPX's trade dress claim against Reign is based on alleged, unregistered trade-dress rights in the appearance of its current Bang cans with black backgrounds. When VPX first sold BANG drinks black cans in 2012, ten years after the launch of Monster Energy®, its cans had a very different appearance than they do today, as shown below.



'809 Case, ECF 63-3 ¶ 36. Because of BANG's poor sales and Monster's enormous success, VPX redesigned its cans in 2015 to mimic many design features of Monster's cans – features it now accuses Reign of copying from Bang's cans. Bang's current can design is shown below next to similar, pre-existing Monster cans.



*Id.* ¶ 37.

Despite the obvious similarities between the Bang and Monster cans, VPX asserts that it has trade dress rights in the appearance of the Bang cans and that Reign has infringed those rights. However, at the preliminary injunction stage, the Court disagreed. Judge Altman ruled that VPX had "failed to 'clearly establish' any of the elements of its trade dress claim." '809 Case, ECF 134 at 24.

VPX's trade dress claim against Reign was tried in a bench trial that began on August 26, 2020. The parties tried all three elements of VPX's claim: (1) whether VPX has trade dress rights in its Bang cans with black backgrounds, (2) whether that alleged trade dress is functional, and (3) whether there is a likelihood of confusion with Reign. '809 Case, ECF 342 at 8-13. The parties are currently engaged in post-trial briefing, with closing arguments scheduled for October 16, 2020.

C.     **The Present Case Against Reign Inferno**

In January 2020, Monster launched a new Reign sub-line called Reign Inferno. While the Reign Inferno cans include some design elements used in the original Reign cans, there are some differences. Notably, the Reign Inferno cans deviate from the black background pioneered by Monster Energy in 2002 and subsequently used by Bang, the original Reign and many others. Instead, Reign Inferno uses a gray background made to mimic the appearance of cracked stone. Three flavors of Reign Inferno are shown below.



On June 1, 2020, VPX filed a lawsuit accusing Reign Inferno of infringing its alleged trade dress rights in Bang.  But rather than file in this court, VPX sued in the Central District of California.  *See Vital Pharms., Inc. v. Monster Energy Co., et al.*, Case No. EDCV 20-1127 JGB (SPx).  On August 27, 2020, the Central District of California transferred the case to this Court because it found that the two Reign lawsuits were substantially identical and that the same underlying facts would be essential to resolving both matters:

> ***[T]he pending Florida Action and this matter are substantially identical.*** As detailed above, the allegations in the Complaint and in the Florida Action almost completely overlap, and both matters involve the same parties and trade dress rights. *See Wireless Consumers All., Inc. v. Mobile USA, Inc.*, at *5 (N.D. Cal. Oct. 14, 2003) (holding that transfer to court that had heard similar case was warranted because "this case and [the similar case] are intimately related, if not identical[]").  To that point, Judge Altman has significant experience analyzing ***the law and underlying facts essential to resolving both matters***.

ECF 34 (California Case) at 4 (emphasis added).  After the transfer, the parties filed a joint discovery plan and conference report on September 21, 2020.  ECF 56.  On September 23, 2020, the Court issued a scheduling order setting trial for March 14, 2022.  ECF 59.  Monster now moves to stay this case pending entry of judgment in the '809 Case before Judge Altman.

### III. LEGAL FRAMEWORK

A variety of circumstances may justify a stay pending resolution of a related case. *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." *Morrissey v. Subaru of Am., Inc.*, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (citing *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011). This is particularly true "when the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Morrissey*, 2015 WL 4512641 at *2 (citation omitted). However, the scope of the stay must be limited. *Ortega*, 221 F.3d at 1264. "[A] stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. N. Am. Co.,* 299 U.S. 248, 257 (1936).

### IV. THE COURT SHOULD STAY THIS CASE PENDING JUDGMENT IN THE PARTIES' RELATED CASE BEFORE JUDGE ALTMAN

As the Central District of California found before transferring this case, the case against Reign Inferno is "substantially identical" to the related case against the original Reign drink. ECF 34 (California Case) at 4. Accordingly, a stay pending entry of judgment in the related case would promote judicial economy because the Court's factual findings and legal conclusions in the related case could, by virtue of collateral estoppel, either partially or entirely resolve this case.

**A.    A Stay Would Dispose Of This Case If Judge Altman Rules For Monster On Any Of The Issues Common To The Cases**

To establish trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must prove that: 1) its trade dress is inherently distinctive or has acquired secondary meaning, 2) its trade dress is primarily non-functional, and 3) the defendant's trade dress is confusingly similar. *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1535 (11th Cir. 1986). A ruling for Monster by Judge Altman ***on any of these three issues*** would likely have collateral estoppel effect in this case and resolve the case in its entirety.

First, the issue of whether VPX's trade dress is inherently distinctive or has secondary meaning is identical in the two cases. In each case, VPX alleges that it has protectable trade dress

-6-

in the design of its Bang cans with black backgrounds.² *Cf.* ECF 1 ¶ 14 (defining the trade dress) with '809 Case, ECF 1 ¶ 20 (same). And each complaint uses the same image to illustrate the alleged Bang trade dress:

| **2019 Complaint Against Reign** | **2020 Complaint Against Reign Inferno** |
|---|---|
| "The BANG® Trade Dress for one of VPX's flavors, Cotton Candy, is depicted below." | "A visual example of the BANG Trade Dress is depicted below:" |
|  |  |
| ECF 1 ¶ 20(f). | ECF 1 ¶ 15. |

Because VPX claims trade dress rights in ***the very same products*** in each lawsuit, the issue of whether that trade dress is inherently distinctive or has acquired secondary meaning is the same in each case. Accordingly, if Judge Altman rules in the first case that the Bang trade dress is not inherently distinctive and has not acquired secondary meaning, that determination will be *res judicata* in the present case. *See Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012) (applying collateral estoppel in ruling that a trademark was generic rather than inherently distinctive); *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 912 F.3d

---

² The majority of Bang cans have colorful backgrounds. '809 Case, Trial Ex. D-603. VPX has not asserted, in either case, trade dress rights in its non-black cans.

445, 453 (8th Cir. 2018) (applying collateral estoppel to the issue of secondary meaning); *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 572-75 (5th Cir. 2005) (same).

Similarly, the second element of a trade dress claim – whether the trade dress is functional – is the same in each case because the alleged trade dress is the same. Accordingly, if Judge Altman finds that the alleged Bang trade dress is functional, that determination will be binding on VPX in this case. *See Int'l Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1091 (Fed. Cir. 1984) (applying collateral estoppel to the issue of trademark functionality).

Finally, even the third element of a trade dress claim – confusing similarity – could be simplified or resolved by Judge Altman's factual findings and legal conclusions in the original Reign case. The accused products in the two cases are admittedly different. But as shown below, Reign Inferno is even more distinct from Bang than the original Reign drinks.

  

The original Reign is distinct from Bang due, *inter alia*, to the stark difference between the cans' most prominent features: their logos and product names. Reign's Spartan crown and mask logo is very different from Bang's "b" logo, and the "Reign" name in capital letters bears no resemblance to the "Bang" name in lowercase letters. The Reign Inferno can is even more distinct from Bang because it replaces the black background used by Bang and Reign – and numerous other energy drinks since Monster Energy first appeared in 2002 in a black can – with a cracked ash-gray background. As Judge Altman observed, "the Inferno looks nothing like the Bang® can." '809 Case, ECF 355 at 6:21-22. Consequently, if Judge Altman rules that Reign is not confusingly

similar to Bang, collateral estoppel will preclude VPX from arguing that the even-less-similar Reign Inferno is confusingly similar to Bang. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 141 (2015) (applying collateral estoppel to the issue of confusing similarity); *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 247-56 (3d Cir. 2006) (same); *Mother's Rest., Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1570-73 (Fed. Cir. 1983) (same).

In sum, the pending trade dress case against Reign has the potential to completely resolve the present trade dress case against Reign Inferno. Even if Judge Altman's factual findings and legal conclusions do not result in the outright dismissal of this case, they could simplify the issues the Court must address. A stay pending resolution of the first Reign case would therefore "promote judicial economy and efficiency by avoiding the litigation of issues that may become irrelevant or moot." *Morrissey,* 2015 WL 4512641 at *2; *Sellers on behalf of 21st Century Holding Co. v. Lawson*, 2009 WL 10698793, at *3 (S.D. Fla. March 30, 2009) (granting a stay in part because "the allegations, issues and parties in the two lawsuits substantially overlap").

**B.     A Stay Pending Entry Of Judgment In The Related Case Would Be Limited In Scope And Would Still Achieve The Goal Of Promoting Judicial Economy**

A stay must be limited in scope and not immoderate. *Ortega*, 221 F.3d at 1264. Monster seeks only a brief stay pending entry of judgment in the related case against Reign. That case is in its final stages. The case has been tried, post-trial briefing is nearly complete, and the parties will make closing arguments on October 16, 2020. Judgment should therefore be entered in the next few months. Thus, a stay pending entry of judgment would not be unlimited or excessive.

This short stay would nevertheless be long enough to serve its purpose. If Monster prevails on any of the three issues discussed above, it could bring a dispositive motion in this case immediately after entry of judgment, without waiting for VPX to exhaust its appeal rights. This is because "a final judgment retains all of its res judicata consequences pending decision of the appeal." *Jaffree v. Wallace*, 837 F.2d 1461, 1466–67 (11th Cir. 1988) (quoting 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4433, at 308 (1981 & Supp. 1987)); *see also Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1164, 1171 (11th Cir. 2018) (citing *Jaffree*). Accordingly, a stay pending entry of judgment would be limited in scope but still sufficient to achieve the goal of promoting judicial economy.

## V. CONCLUSION

For the foregoing reasons, Monster respectfully requests that the Court stay this case until final judgment is entered in the related case before the Court: Case No.19-60809-CIV-RKA.

Dated: October 9, 2020                By:  *s/* **Brian J. Stack**
                                                     Brian J. Stack
                                                     Fla. Bar No. 0476234
                                                     email:  bstack@stackfernandez.com
                                                                  mwolf@stackfernandez.com
                                                     Robert Harris
                                                     Fla. Bar No. 0817783
                                                     Email:  rharris@stackfernandez.com
                                                                  gmartich@stackfernandez.com
                                                     Sammy Epelbaum
                                                     Fla. Bar No. 0031524
                                                                  Email:  sepelbaum@stackfernandez.com
                                                     **STACK FERNANDEZ & HARRIS, P.A.**
                                                     1001 Brickell Bay Drive, Suite 2650
                                                     Miami, Florida 33131
                                                     Telephone:  305.371.0001

                                                     Steven J. Nataupsky (*admitted pro hac vice*)
                                                     Email:  steven.nataupsky@knobbe.com
                                                     Lynda J. Zadra-Symes *(admitted pro hac vice)*
                                                     Email: lynda.zadrasymes@knobbe.com
                                                     Brian C. Horne (*admitted pro hac vice*)
                                                     Email: brian.horne@knobbe.com
                                                     Carol Pitzel Cruz (*admitted pro hac vice*)
                                                     Email: carol.pitzel.cruz@knobbe.com
                                                     **KNOBBE, MARTENS, OLSON & BEAR, LLP**
                                                     2040 Main Street, Fourteenth Floor
                                                     Irvine, CA  92614
                                                     Telephone: (949) 760-0404
                                                     Facsimile: (949) 760-9502

                                                     *Attorneys for Defendants,*
                                                     *Monster Energy Company and*
                                                     *Reign Beverage Company, LLC*