UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-61757-ALTMAN/Hunt

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX Sports, a Florida Corporation,

    Plaintiff,

    v.

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Defendants.

_____

**<u>DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ........................................................................................................... 1

II. THIS COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS ....................... 3

    A. Issue Preclusion Bars VPX's Assertion Of Trade Dress Rights In Its Bang Cans .................................................................................................................. 3

    B. VPX's Complaint Fails To Allege A Plausible Claim Of Trade Dress Infringement Against The REIGN INFERNO Cans ................................... 5

III. CONCLUSION ................................................................................................................ 9

## TABLE OF AUTHORITIES

Page No(s).

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 3, 9

*Ava Enterprises Inc. v. P.A.C. Trading Group, Inc.*,
    86 U.S.P.Q.2d 1659. 2008 WL 754201 (T.T.A.B. 2008) ....................................................... 5

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
    575 U.S. 138 (2015) ................................................................................................................ 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 570 (2007)………………………………………………………………….3

*Blonder-Tongue Labs., Inc. v. University of Illinois Fdn.*,
    402 U.S. 313 (1971) ................................................................................................................ 4

*Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*,
    369 F.3d 1197(11th Cir. 2004) ............................................................................................... 4

*Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*,
    707 F.3d 869, 871 (7th Cir. 2013)………………………………………………………….5

*JuxtaComm-Texas Software, LLC v. Lanier Parking Sys. Of Florida, Inc.*,
    2013 WL 12153588 (M.D. Fla. June 10, 2013) ...................................................................... 3

*Land's End at Sunset Beach Community Ass'n, Inc. v. Aspen Specialty Ins. Co.*,
    289 F. Supp. 3d 1259 (M.D. Fla. 2017) .................................................................................. 3

*Le Book Pub., Inc. v. Black Book Photography, Inc.*,
    418 F. Supp. 2d 305, 311 (S.D.N.Y. 2005)………………………………………………..5

*Lopez v. Adidas America, Inc.*,
    2020 WL 2539116 (S.D.N.Y. May 19, 2020) ........................................................................ 5

*Marvel Enterprises, Inc. v. NCSoft Corp.*,
    74 U.S.P.Q.2d 1303, 2005 WL 878090 (C.D. Cal. Mar. 9, 2005) .......................................... 6

*Mintz v. Subaru of America, Inc.*,
    2016 WL 5909360 at *2 (N.D. Cal. Oct. 11, 2016),
    *aff'd* 716 Fed. Appx. 618 (9th Cir. 2017) .............................................................................. 5

*Vital Pharmaceuticals, Inc. v. Monster Energy Co.*,
    2022 WL 3083273 (11th Cir. Aug. 3, 2022) ........................................................................... 2

*Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*,
    898 F.3d 1279, 1288 (11th Cir. 2018) ................................................................................. 4, 7

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(c)…………………………………………………………………………...3

J. T. McCarthy, *McCarthy on Trademarks & Unfair Competition* (5th ed.)................................. 5

Defendants Monster Energy Company and Reign Beverage Company, LLC (collectively "Monster") hereby move for judgment on the pleadings on all claims brought by Plaintiff Vital Pharmaceuticals, Inc. d/b/a VPX Sports ("VPX").

## I. INTRODUCTION

On June 1, 2020, VPX filed the present action against Monster for alleged trade dress infringement. ECF 1. VPX alleges that Monster's REIGN INFERNO energy drink cans infringe VPX's purported trade dress rights in the appearance of its Bang cans. The parties' respective cans are shown below.





*Id.* ¶¶ 23, 40.

Monster answered and then moved to stay this case pending the outcome of the trial of a closely related trade dress case brought by VPX against Monster in this Court. ECF 63. In that related case, VPX asserted it had trade dress rights in the very same Bang cans asserted in this action. *See* Case No. 0:19-cv-60809, ECF 1. VPX asserted that Monster infringed those trade dress rights by distributing its original REIGN energy drink cans, shown below.



*Id.*; *see also* ECF 1 ¶ 39. This Court granted Monster's motion to stay. ECF 71.

This Court conducted a bench trial in the first case in August and September 2020 and issued its Order re Final Judgment on August 3, 2021. Case No. 0:19-cv-60809, ECF 429. In that detailed, 128-page Order, this Court found that VPX had no trade dress rights in its Bang cans because those cans were not inherently distinctive and had not acquired secondary meaning. *Id.* at 76-105. This Court also found that there was no likelihood of confusion between the appearance of VPX's Bang cans and Monster's original REIGN cans. *Id.* at 105-27. This Court specifically found that "the differences between the two labels are stark – even on a momentary glance." *Id.* at 110. Accordingly, this Court entered final judgment in favor of Monster on all claims and counterclaims in the first action. Case No. 0:19-cv-60809, ECF 439 ¶¶ 1-2.

VPX chose not to appeal this Court's findings of no trade dress rights and no likelihood of confusion. Instead, VPX limited its appeal to the procedural issue of whether this case should have been tried to a jury. The Eleventh Circuit affirmed this Court's decision to try this case to the bench and, with it, the final judgment of this Court. *Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, 2022 WL 3083273 (11th Cir. Aug. 3, 2022).

At the hearing on Monster's motion to stay this case, this Court invited Monster to file a motion for judgment on the pleadings if Monster prevailed at trial in the first case. ECF 73 at 4-5. Monster now brings that invited motion. Monster's motion is based on two grounds. First, this Court already determined in the first trial that VPX has no trade dress rights in its Bang cans.

Accordingly, straightforward application of issue preclusion prevents VPX from re-asserting that it has such rights. Second, the differences between the parties' cans are so stark, especially considering this Court's prior rulings, that this Court can and should conclude on the pleadings that there is no likelihood of confusion between the cans. VPX's assertion that the REIGN INFERNO cans are confusingly similar to the Bang cans is simply implausible in view of the photographs of those cans that VPX has included in its Complaint.

## II. THIS COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure authorizes this Court to grant judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Land's End at Sunset Beach Community Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 289 F. Supp. 3d 1259, 1264 (M.D. Fla. 2017).

Accordingly, judgment on the pleadings may be granted based on issue preclusion or collateral estoppel, particularly in cases involving the prior invalidation of intellectual property rights. *JuxtaComm-Texas Software, LLC v. Lanier Parking Sys. Of Florida, Inc.*, 2013 WL 12153588 at *3-*6 (M.D. Fla. June 10, 2013). In addition, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In short, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### A.     Issue Preclusion Bars VPX's Assertion Of Trade Dress Rights In Its Bang Cans

"[W]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015). In two of the leading cases on issue preclusion, the Supreme Court has specifically held that issue preclusion bars re-litigation of

intellectual property rights following an adverse judgment against the alleged holder of the rights. *Id.* (trademark rights); *Blonder-Tongue Labs., Inc. v. University of Illinois Fdn.*, 402 U.S. 313 (1971) (patent rights). The elements of issue preclusion are plainly met here.

First, an issue of fact – whether VPX has trade dress rights in its Bang cans – was actually litigated. Following a nine-day trial, this Court held in a thorough and detailed portion of its decision that VPX has no such rights. Case No. 0:19-cv-60809, ECF 429 at 76-105. The Court specifically held that VPX's alleged trade dress was not inherently distinctive and had not acquired secondary meaning. *Id.* In so doing, the Court found that:

> the Bang trade dress, as a whole, is neither unique nor unusual, that it does not stand out, and that it is a mere refinement of the other energy-drink labels that are—and for years have been—on the market. Bang, in fact, is merely a refinement of the original Monster Energy can …. The resemblance between Monster Energy and Bang is striking ….

*Id.* ¶¶ 21-22; *see also id.* ¶ 25 ("Even if we were to look beyond the trade dress VPX defined in the joint pretrial stipulation, we would (nonetheless) conclude that Bang is a mere refinement of Monster Energy."); *id.* ¶ 31 ("Looking to the labels' overall impression, then, we conclude that Bang is a mere refinement of Monster Energy."); *id.* ¶ 37 ("These third-party products all share a similar overall appearance with Bang."); *id.* ¶ 38 ("Bang's labeling is neither unique nor unusual. … Bang's labeling is simply a refinement of a common form of labeling that has long existed in the market."); *id.* ¶ 39 ("In an industry packed with bright, bold splashes of color—often against black backgrounds—Bang's labels is, if anything, the perfect camouflage.").

Second, VPX's lack of trade dress rights – a primary focus of both the trial and this Court's decision – was essential to the judgment. VPX bore the burden at trial of proving "three elements to prevail on a trade dress claim: 1) its trade dress is inherently distinctive or has acquired secondary meaning, 2) its trade dress is primarily non-functional, and 3) the defendant's trade dress is confusingly similar." *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1288 (11th Cir. 2018). "[A]s all three elements are necessary for a finding of trade dress infringement, any one could be characterized as threshold." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1202 (11th Cir. 2004). Thus, VPX could not prevail unless it obtained the "necessary" finding of either inherent distinctiveness or secondary meaning. VPX failed on both counts, and this failure was essential to this Court's judgment in favor of Monster.

In addition, Monster counterclaimed for a declaration that VPX has no trade dress rights in its Bang cans. Case No. 0:19-cv-60809, ECF 53 at 27 ¶¶ 59-64. This Court granted judgment in favor of Monster on this counterclaim. Case No. 0:19-cv-60809, ECF 439 ¶ 2. That judgment was plainly based on this Court's finding that VPX's alleged trade dress was not inherently distinctive and lacked secondary meaning. Case No. 0:19-cv-60809, ECF 429 at 76-105. For this reason as well, this Court's finding that VPX does not have the trade dress rights it asserted in its Bang can was essential to this Court's judgment.

**B.    VPX's Complaint Fails To Allege A Plausible Claim Of Trade Dress Infringement Against The REIGN INFERNO Cans**

"Since the Supreme Court decisions in *Iqbal* and *Twombly* in 2007-2009, a growing number of courts have dismissed a trademark infringement complaint on a Rule 12(b)(6) motion when the allegations of a likelihood of confusion are implausible in view of the facts alleged." J. T. McCarthy, *McCarthy on Trademarks & Unfair Competition* § 32.121.75 (5th ed.) (collecting cases). "This can occur, for example, if the two marks are so different that even on the face of the complaint, there is no believable scenario under which confusion would be likely to occur." *Id.* Simply put, some infringement claims are "too implausible to support costly litigation." *Id.* (quoting *Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*, 707 F.3d 869, 871 (7th Cir. 2013)).

For example, in *Lopez v. Adidas America, Inc.*, 2020 WL 2539116 (S.D.N.Y. May 19, 2020), the court dismissed a complaint for failure to state a plausible claim of infringement between the marks LES NYC and PUMA x LES BENJAMINS. The court concluded that "[t]he marks are too dissimilar," *id.* at *13, and that "the degree of similarity element … overwhelms any possibility of confusion." *Id.* at *9 (quoting *Le Book Pub., Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 311 (S.D.N.Y. 2005)). The court reached this conclusion even though several of the traditional likelihood-of-confusion factors favored the plaintiff. *Id.* at *13.

Similarly, in *Mintz v. Subaru of America, Inc.*, 2016 WL 5909360 at *2 (N.D. Cal. Oct. 11, 2016), *aff'd* 716 Fed. Appx. 618 (9th Cir. 2017), the court dismissed a complaint for failure to state a plausible claim of infringement between the marks "Share the Love" and "A World of Love, for You and Those You Love." And in *Ava Enterprises Inc. v. P.A.C. Trading Group, Inc.*, 86 U.S.P.Q.2d 1659. 2008 WL 754201 at *1-*2 (T.T.A.B. 2008), the Trademark Trial and Appeal Board granted judgment on the pleadings of no likely confusion between the marks "BOSS

AUDIOSYSTEMS" and "PAC BOOSTER THE PERFECT SOUND." The Board found that the marks were simply too dissimilar to give rise to any plausible claim of a likelihood of confusion. *Id.* at *2.

Even before *Iqbal* and *Twombly*, courts reached similar results. For example, in *Marvel Enterprises, Inc. v. NCSoft Corp.*, 74 U.S.P.Q.2d 1303, 2005 WL 878090 at *4 (C.D. Cal. Mar. 9, 2005), the court dismissed a complaint alleging infringement between the trademarks "Statesman" and "Captain America." The court explained that "[w]here the two marks are entirely dissimilar, there is no likelihood of confusion." *Id.* "That the terms at question here are entirely dissimilar is self-evident. Thus, there is no likelihood of confusion." *Id.*

The present case is the same. VPX's Complaint alleges a likelihood of confusion between its Bang cans:



and Monster's REIGN INFERNO cans:



.

VPX's allegation of a likelihood of confusion is implausible on its face. As in the foregoing cases, the differences between the parties' trade dresses are simply too vast to be overcome by any other allegations or evidence. As this Court has already observed: "the trade dress for the Inferno has nothing to do with the trade dress for BANG®. … [T]he Inferno can looks nothing like the BANG® can." ECF 355 at 6. Accordingly, judgment on the pleadings is appropriate here.

This is confirmed by an analysis of the traditional likelihood-of-confusion factors, namely (1) the strength of plaintiff's alleged trade dress, (2) the similarity of the products' designs, (3) the similarity of the products themselves, (4) the similarity of the parties' trade channels and customers, (5) the similarity of advertising media used by the parties, (6) the defendant's intent, and (7) the existence and extent of actual confusion in the consuming public. *Yellowfin Yachts*, 898 F.3d at 1289.

First, regarding the strength of the asserted trade dress, as explained above, this Court has already determined after a full trial on the merits that VPX has no trade dress rights in its Bang cans. Thus, when the Court addressed strength of the alleged trade dress while analyzing likelihood of confusion, the Court found that even if VPX had trade dress rights in its Bang cans, that trade dress would be "(at best) weak." Case No. 0:19-cv-60809, ECF 429 at 106. Issue preclusion bars VPX from challenging that finding of fact.

Second, as just discussed, the face of the Complaint conclusively establishes that the parties' trade dresses are starkly different. In fact, this Court found that the differences between the alleged Bang trade dress and the original REIGN trade dress are "stark – even on a momentary glance." Case No. 0:19-cv-60809, ECF 429 at 110. The differences between the alleged Bang trade dress and the REIGN INFERNO trade dress ***are even greater***, as shown on the next page.







Third, this Court has already determined that Monster did not have any intent to cause consumer confusion in adopting its original REIGN trade dress. *Id.* at 119-20. Again, VPX is precluded from challenging this finding of fact. Moreover, Monster's REIGN INFERNO trade dress is even more distant from the alleged Bang trade dress than Monster's original REIGN trade

dress. Thus, it would be absurd to argue that Monster, by moving even further from VPX's alleged trade dress, somehow acted in bad faith.

Fourth, regarding actual confusion, VPX's complaint asserts in conclusory fashion that the REIGN INFERNO trade dress "has caused" consumer confusion. ECF 1 ¶ 48. However, VPX has not supported this conclusion with any plausible factual allegations, or even any implausible factual allegations. It is simply an unsupported conclusion that is entitled to no deference. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Finally, for purposes of this motion, the Court can presume that the remaining likelihood-of-confusion factors all favor VPX. That is, this Court can presume that the parties' products, trade channels, customers, and advertising media are all identical. Even with this assumption, VPX's assertion of a likelihood of confusion is simply implausible in light of the stark differences between the parties' trade dresses, the established weakness of VPX's alleged trade dress, Monster's established good faith, and the absence of any plausible allegations of actual confusion. Thus, again, this Court should grant judgment on the pleadings.

### III. CONCLUSION

This Court has already determined after a full trial on the merits that VPX has no trade dress rights in its alleged Bang trade dress. Accordingly, VPX is precluded from alleging rights in that purported trade dress here. This Court should grant judgment on the pleadings on this basis alone. In addition, VPX's allegation of likelihood of confusion is implausible on the face of the Complaint. For this reason as well, this Court should grant judgment on the pleadings. A proposed order granting this motion is attached.

## RULE 7.1(a)(3) CERTIFICATION

I hereby certify that counsel for movants has conferred with counsel for VPX in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: October 11, 2022

By: s/ Brian J. Stack
Brian J. Stack
Fla. Bar No. 0476234
email:  bstack@stackfernandez.com
mwolf@stackfernandez.com
Email:  rharris@stackfernandez.com
gmartich@stackfernandez.com
Sammy Epelbaum
Fla. Bar No. 0031524
Email:  sepelbaum@stackfernandez.com
Robert Harris
Fla. Bar No. 0817783
**STACK FERNANDEZ & HARRIS, P.A.**
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Telephone:  305.371.0001

Steven J. Nataupsky (*admitted pro hac vice*)
Email:  steven.nataupsky@knobbe.com
Joseph R. Re (*admitted pro hac vice*)
Email: joseph.re@knobbe.com
Lynda J. Zadra-Symes *(admitted pro hac vice)*
Email: linda.zadrasymes@knobbe.com
Brian C. Horne (*admitted pro hac vice*)
Email: brian.horne@knobbe.com
Carol Pitzel Cruz (*admitted pro hac vice*)
Email: carol.pitzel.cruz@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Defendants,*
*Monster Energy Company and*
*Reign Beverage Company, LLC*

56176864

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-61757-ALTMAN/Hunt

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX Sports, a Florida Corporation,

    Plaintiff,

    v.

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Defendants.

_____

**[PROPOSED]**
**ORDER GRANTING DEFENDANTS' MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

    The Court, having considered Defendants Monster Energy Company and Reign Beverage Company, LLC'S Motion for Judgment on the Pleadings, and good cause appearing therefor, hereby GRANTS the Motion.

    **IT IS HEREBY ORDERED THAT:**

    1.    Final Judgment is entered in favor of the Defendants and against the Plaintiff on all Claims set forth in the Complaint in this action.  The Plaintiff shall take nothing from this action.

    2.    Final Judgment is entered in favor of the Defendants and against the Plaintiff on all Counterclaims set forth in the Answer and Counterclaims in this action.

    DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida this ___ day of October 2022.

                                                  _____
                                                  Roy K. Altman
                                                  United States District Judge